SCHOTT, Chief Judge.
On the state’s application we grant cer-tiorari to consider the validity of the trial court’s granting of defendant’s Motion to Suppress Evidence seized from defendant’s truck.
Defendant crashed his truck into a house. As officer Keith Johnson arrived on the scene, defendant staggered toward him, reeking of alcohol. Johnson asked defendant for his driver’s license and vehicle registration papers, but he was unable to comply. Johnson placed him in the back seat of his patrol car and went to defendant’s truck to retrieve the registration papers. Because the passenger door to the truck was jammed, he entered the truck through the driver’s door. As he leaned over the seat toward the glove compartment he saw in plain view a clear plastic bag containing marijuana. He seized the marijuana and placed Guidry under arrest for possession of a controlled substance.
Pursuant to defendant’s Motion to Suppress the Evidence, the trial court suppressed the introduction of the marijuana and the state seeks a reversal of that ruling. Because the state’s reliance upon the inevitable discovery doctrine has merit and because of the applicability of the plain view doctrine the trial court erred in granting the motion to suppress.
Johnson had called for a police tow truck to remove defendant’s truck from the house and yard. In order to remove the truck, the tow truck driver had to enter it. Thus, the bag of marijuana would have been discovered at the scene of the accident even if Johnson had not entered the vehicle before the tow truck driver. Because the contraband would have been inevitably discovered, the evidence should not have been suppressed. United States v. Crews, 445 U.S. 463, 470, 100 S.Ct. 1244, 1249, 63 L.Ed.2d 537 (1980); State v. Guy, 575 So.2d 429 (La.App. 4th Cir.1991).
Although admissibility of the marijuana is warranted by virtue of the inevitable discovery doctrine, the facts of this case also support a finding that the evidence seized is admissible under the plain view exception to the warrant requirement. Under this exception there must be a prior justification for intrusion into a protected area, inadvertent discovery of the evidence, and an immediate recognition that the evidence is contraband without close inspection. State v. Hernandez, 410 So.2d 1381 (La.1982).
Johnson’s intrusion into defendant’s truck was justified. A vehicle registration certificate or copy must be carried in the vehicle and is subject to inspection by a police officer. R.S. 47:505. When a driver of an automobile is rendered incapable of complying with an officer’s request for the registration certificate because of intoxication, injury, or both, and there is no reason for the officer to suspect that contraband is within the vehicle requiring a search warrant, an officer is justified in retrieving the registration certificate from the vehicle. A driver impliedly consents to such a procedure when he drives his vehicle on a public road. Thus, the first requirement of the plain view was clearly established. The other requirements of the plain view exception were likewise met because the evidence was inadvertently and immediately discoverable upon admittance into the truck and it was obviously marijuana.
For these reasons, the judgment of the trial court is reversed and set aside. Defendant’s motion to suppress is denied and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.